IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RICHARD SCOTT SAMUELS**

       Plaintiff,

       v.

**DESCHUTES COUNTY, DESCHUTES
COUNTY SHERIFF BLANTON, DEPUTY
TORY FLORY, personally and
individually, RYAN PAUL, and
JUSTIN GREENSLIT, and unknown
John Does**

       Defendants.

Civ. No. 6:13-cv-00516-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

Plaintiff brings this action alleging claims under 42 U.S.C. §§ 1983 and 1985 for violations of his Fourth and Fourteenth Amendment rights, along with pendent state claims. Plaintiff alleges that defendants falsely and fraudulently provided information that resulted in an unlawful search of his home and subsequent arrest and prosecution.

Defendants Deschutes County, Sheriff Blanton, and Deputy Flory move to dismiss plaintiff's unlawful search and seizure and conspiracy claims on the grounds that these federal claims are barred by the applicable statute of limitations. Defendants also move to dismiss plaintiff's federal malicious prosecution claim on the ground that plaintiff failed to name a specific constitutional right that he was deprived of as a result of defendants conduct. Defendants' motion is **GRANTED in part** and **DENIED in part**.

## I.  BACKGROUND

The search warrant at issue in this matter was executed at plaintiff's home on October 22, 2009.[1] The facts are alleged by plaintiff as follows: An individual identified as "concerned citizen" or "CC," informed law enforcement officers of a possible drug deal at plaintiff's house. Officers presented this information to the state court judge when obtaining the search warrant. However, the officers did not inform the state court judge of the following facts: that "CC" was being sued by plaintiff for an amount exceeding $50,000; that "CC" had not had contact with plaintiff for over a year; that "CC" had previously assaulted plaintiff in front of witnesses; and that "CC" was working with the police for consideration of criminal charges.

In support of the search warrant, officers also relied on information provided by "Confidential Reliable Informant (CRI) #896" who claimed to have made three narcotics purchases from plaintiff. In obtaining the warrant, plaintiff asserts that defendant Flory made false assertions in a supporting affidavit that the CRI made body wire recording purchases of methamphetamine and that detectives observed the transaction.

---

[1]  No dates are indicated in the complaint. The parties have stipulated to this date.

Following the institution of criminal charges against plaintiff, defendant Flory refused to provide discovery regarding the CRI who allegedly made the three body wire recordings of drug deliveries. At some point the body wire recordings were received by plaintiff's attorney, but the CDs were blank. Viable CDs were later produced which revealed information that contradicted defendant Flory's affidavit and report.

On March 14, 2011, plaintiff filed a motion to suppress. Criminal charges against plaintiff were dismissed on March 30, 2012. Plaintiff filed the instant action on March 26, 2013.

## II. STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6) a complaint is construed in favor of the plaintiff and its factual allegations are taken as true. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the court need not accept as true "conclusory" allegations, unwarranted deductions of fact, or unreasonable inferences. *Id.* "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

A motion to dismiss on statute of limitations grounds may be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Morales v. City of Los Angeles*, 214 F .3d 1151, 1153 (9th Cir. 2000).

# III.  DISCUSSION

Plaintiff asserts federal claims for conspiracy to commit civil rights violations, unlawful search and seizure, and federal and state law claims for malicious prosecution against Deschutes County, County Sheriff Blanton, Deputy Tory Flory, and other individual defendants. Plaintiff maintains that the actions of defendants violated his rights under the Fourth and Fourteenth Amendments and state law, because the defendants conspired to provide false information resulting in an unlawful search of plaintiff's home and instituted unwarranted criminal proceedings against him.

## A.  Statute of Limitations

Defendants argue that plaintiff's federal claims for conspiracy to commit civil rights violations and unlawful search and seizure are time-barred because plaintiff did not commence this action within the required limitations period. Oregon's two-year statute of limitations for personal injury actions applies to claims brought under § 1983. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002). Thus, plaintiff was required to file suit within two years after his § 1983 claims "accrued" – i.e, after plaintiff knew or had reason to know of critical facts regarding the injury caused by defendant's actions. *Bibeau v. Pac. Nw. Research Found., Inc.*, 88 F.3d 1105, 1108 (9th Cir. 1999); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998).

Defendants argue that plaintiff had knowledge of the critical facts of his alleged injuries when the officers searched his home, or at least by March 14, 2011 when he filed the motion to suppress. Plaintiff did not file suit until March 26, 2013, more than two years later.

In *Wallace v. Kato*, 549 U.S. 384, 388-90 (2007), the Supreme Court held that a § 1983 claim based upon illegal conduct leading to an arrest accrues at the time of injury. While the Court did not specifically address § 1983 claims based on unlawful search and seizure, the Court did determine that there is no federal tolling of § 1983 claims while a plaintiff is subject to criminal proceedings. *Id.* at 394-95. However, the Court noted that the tort of malicious prosecution is "entirely distinct" from this analysis because it requires a showing of "wrongful institution of the judicial process." *Id.* at 389-90; *See also Heck v. Humphrey*, 512 U.S. 477, 484, 489 (1994).

The Ninth Circuit has held that § 1983 claims premised on an unlawful search and seizure generally accrue at the time the search and seizure occurs. *See Matthews v. Macanas*, 990 F.2d 467, 469 (9th Cir. 1993), abrogated on other grounds; *and Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) ("where false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs."). Following Ninth Circuit precedent, subsequent court decisions have held that a search and seizure claim brought pursuant to § 1983 commences to run on the date of the search and seizure. *See Lindsey v. Myer*, 2012 U.S. Dist. LEXIS 46086, 2012 WL 1114181, at *8 (D. Or. Feb. 13, 2012) (statute of limitations for alleged violation of Fourth Amendment right to be free from unlawful search and seizure commenced to run on the date of the search and seizure); *Easley v. Cnty. of El Dorado*, 2010 U.S. Dist. LEXIS 117033, 2010 WL 4569137, at *5 (E.D. Cal. Nov. 3, 2010) (section 1983 claims premised on an alleged illegal search and seizure generally accrue at the time of the search and seizure); *and Kamar v. Krolczyk*, 2008 U.S. Dist. LEXIS 55975, 2008 WL 2880414, at *13 (E.D. Cal. July 16, 2008) (search and seizure claim accrued on the date of the search).

5 – OPINION AND ORDER

Here, the alleged unlawful search and seizure occurred on October 22, 2009. Plaintiff's claims for conspiracy and unlawful search and seizure are both premised upon this incident. Thus, plaintiff's claims in these regards accrued on October 22, 2009, and the statute of limitations period ran on October 22, 2011. Alternatively, even if the plaintiff did not have a cause of action until March 14, 2011, the date of the motion to suppress, then the statute ran on March 14, 2013. Plaintiff did not file the instant matter until March 26, 2013, after the statute of limitations expired. Therefore, the conspiracy and unlawful search and seizure claims are barred.

## B. Malicious Prosecution

"In order to prevail on a § 1983 claim of malicious prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right.' " *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir.2004) (citing *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir.1995)). Defendants argue that plaintiff has failed to show a specific constitutional right that was violated by defendants' alleged conduct.

It is unclear from the complaint what specific constitutional deprivation plaintiff alleged in his federal claim for malicious prosecution. However, given the liberal pleading standards in federal court, the court requires plaintiff to make his claims more definite and certain under Rule 12(e). *See* Fed. R. Civ. P. 15(a)(2). Relief under Rule 12(e) is warranted where "the complaint is so indefinite that the defendants cannot ascertain the nature of the claims being asserted and literally cannot frame a responsive pleading." *Prychyna v. Barrett Business Services, Inc.*, No.

CV–11–122–HZ, 2011 WL 4498843, at *3 (D. Or. Sept. 27, 2011) (quoting *Hubbs v. Cnty. of San Bernardino*, 538 F. Supp. 2d 1254, 1262 (C.D. Cal. 2008) (internal quotations and citations omitted)). Plaintiff is hereby ordered to amend his complaint to make more definite and certain the basis of his malicious prosecution claim, **within 30 days** of the filing date of this order.

## CONCLUSION

Defendants' motion to dismiss is **GRANTED** with respect to plaintiff's federal claims for conspiracy to commit civil rights violation and unlawful search and seizure and **DENIED** in all other respects. Plaintiff is **ORDERED** to **make his malicious prosecution claims more definite and certain** within **30 days** of the filing date of this order.

Furthermore, for the reasons stated on the record, the court **imposes sanctions of $48.75** on plaintiff's counsel, which is equivalent to 15 minutes of defense counsel Sarah Mack's hourly rate [#27], for the delay caused by their failure to appear at oral argument. See Amended Minutes of Proceedings [#28] and Declaration of Sarah Mack [#27] for further details.

IT IS SO ORDERED.

DATED this 16th day of October, 2013.

**Michael J. McShane**
**United States District Judge**

7  –  OPINION AND ORDER