IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**RICHARD SCOTT SAMUELS**,

      Plaintiff,

  v.

**DESCHUTES COUNTY**, **DESCHUTES COUNTY SHERIFF BLANTON**, **DEPUTY TORY FLORY**, personally and individually, **RYAN PAUL**, and **JUSTIN GREENSLIT**, and unknown John Does,

      Defendants.

_____

Civ. No. 6:13-cv-00516-MC

**OPINION AND ORDER**

**MCSHANE, Judge:**

      On March 22, 2009, defendants executed a search warrant on plaintiff's home. The warrant was based in part on recordings of plaintiff purporting to purchase methamphetamine from an informant. Despite learning of mistakes as to the nature of the evidence, defendants failed to dismiss the case. I am asked to consider first, whether plaintiff's are time-barred and second, whether plaintiff's allegations support such claims. Because a malicious prosecution claim does not accrue until the proceedings have been terminated in plaintiff's favor, plaintiff's claims are not time-barred. However, because plaintiff fails to allege defendants intended to

1 – OPINION AND ORDER

violate a specific constitutional right, his malicious prosecution claims must be dismissed. Therefore, defendants' motion to dismiss is GRANTED, with prejudice.

## PROCEDURAL BACKGROUND

I previously dismissed as time-barred plaintiff's claims for conspiracy to commit civil rights violations and unlawful search and seizure.[1] ECF No. 29. I also ordered plaintiff to make his federal malicious prosecution claims more definite and certain, as it was unclear what specific constitutional deprivation plaintiff alleged.

Plaintiff amended his complaint, asserting claims of conspiracy to engage in a malicious prosecution, and federal and state malicious prosecution claims. Defendants now move to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

## STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 678.

While considering a motion to dismiss, the court must accept all allegations of material fact as true and construe in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). However, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at

---

[1] Before defendants appeared in this action, plaintiff filed his first amended complaint, ECF No. 3.

555. If the complaint is dismissed, leave to amend should be granted unless the court "determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

### I. Statute of Limitations

Defendants argue that plaintiff's malicious prosecution claims are barred by the statute of limitations. The statute of limitations for actions brought under 42 U.S.C. § 1983 is determined by state law. *Strung v. Anderson*, 452 F.2d 632 (9th Cir. 1971). Oregon's two-year statute of limitations for personal injury actions applies to claims brought under 42 U.S.C. § 1983. While state law determines the period of limitations, federal law determines when a cause of action accrues. *Briley v. State of Cal.*, 564 F.2d 849, 855 (9th Cir. 1977).

A cause of action accrues under federal law as soon as a potential claimant has knowledge of the critical facts of his injury. *Bibeau v. Pac. Northwest Research Found., Inc.*, 188 F.3d 1105, 1108 (9th Cir. 1999); *see also Wallace v. Kato*, 549 U.S. 384, 388–90 (2007) (holding that a § 1983 claim based upon illegal conduct leading to an arrest accrues at the time of injury); *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) (holding that "where false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs"). However, a malicious prosecution claim brought under § 1983 does not accrue until the proceedings have been terminated in the plaintiff's favor. *See Heck v. Humphrey*, 512 U.S. 477, 489–90 (1994).

The charges against plaintiff were dropped on March 30, 2012. Since plaintiff filed his original complaint on March 26, 2013, which is within two years of the date plaintiff's criminal

3 – OPINION AND ORDER

proceedings terminated in his favor, plaintiff's § 1983 malicious prosecution claim is not time-barred.

## II. Failure to State a Specific Constitutional Right

Plaintiff asserts that "defendants took an active part in intending to subject plaintiff to a denial of his constitutional rights and the initiation of criminal prosecution . . . ." Pl.'s Second Am. Compl. 15, ECF No. 30. In response, defendants contend that plaintiff's claim is precluded because plaintiff failed to state a specific constitutional right.

To prevail in a malicious prosecution claim, plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] *equal protection or another specific constitutional right*." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (emphasis added).

Plaintiff alleges that defendants knowingly and maliciously gave false statements, withheld and suppressed information and evidence, and subsequently prosecuted plaintiff based upon falsely sworn affidavits and police reports.[2] However, plaintiff again fails to allege defendants intended to deny plaintiff any specific constitutional right. Therefore, plaintiff again fails to state a claim for relief for malicious prosecution. *Id.*; *See Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069-1070 (9th Cir. 2004) (holding that Awabdy stated a claim for malicious prosecution where he alleged defendants engaged in malicious conduct with the purpose of depriving him of free speech and equal protection); *Poppell v. City of San Diego*, 149 F.3d 951, 961 (9th Cir. 1998) (recognizing a cognizable § 1983 claim where plaintiff alleged the zoning administrator acted maliciously with the purpose of depriving him of his rights under the first amendment).

---

[2] This Court already dismissed plaintiff's fourth amendment claims under 42 U.S.C. § 1983.

4 – OPINION AND ORDER

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss, ECF No. 31, is GRANTED. As I previously pointed out the deficiencies in plaintiff's complaint, leave to amend would be futile. Therefore, the dismissal is with prejudice. I decline to exercise supplemental jurisdiction over plaintiff's state malicious prosecution claim. *See* 28 U.S.C.A. § 1387 ("The district courts *may* decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction" (emphasis added)).

IT IS SO ORDERED.

DATED this 11th day of March, 2014.

                                              _____s/ Michael J. McShane_____
                                              Michael J. McShane
                                              United States District Judge